## MITCHELL *et al. v.* GIFFORD & COMPANY.

LUMPKIN, J.  1.  As a general rule, where one is employed by an owner of property to sell it as his agent, he is not authorized to sell it to himself alone or together with others, without the consent of the owner; but in the present case there was evidence to show that the owner consented to the making of such a sale, provided that he should receive a certain amount without liability on his part for commissions.

2. There being evidence tending to show that the real estate agent had first agreed with another person to procure a purchaser, and that all of them should have an interest in the land, and should divide it into lots and sell it for a profit, and that subsequently such third person stated to the real estate agent that the contemplated purchaser, who would furnish the money to pay for the land, and whose name was not divulged to the agent, was unwilling for the agent to be interested in the enterprise, and that thereupon it was agreed between the agent and the person with whom he was dealing that the latter would pay a certain amount to the former in consideration of the satisfaction of his commission or relinquishing any further claim of interest, which he did, in a suit by the agent against the person making such agreement and others there was no error, relatively to such person, in refusing to grant a nonsuit or direct a verdict in favor of the defendant.

3. Relatively to the person who was to be the actual purchaser and pay the purchase-money, there was no evidence sufficient to show that he knew of or took part in the negotiations with the real estate agent mentioned in the preceding headnote, or that he was bound by any promise to pay commissions of the agent or an amount for the latter's making no claim to be interested in the purchase and development of the property.  A verdict against him in behalf of the real estate agent was, therefore, not warranted by the evidence.

4. The same is true of a corporation which was formed by the purchaser and the middleman with whom the real estate agent dealt sometime

after the agreement of purchase was made, and which corporation took over the land and improved and sold it. The evidence did not show that any such corporation was organized or in contemplation when the agreement with the real estate agent was claimed to have been made, or that it ever made any promise or did anything to render itself liable to pay commissions. to the agent on account of the sale of the land.

*Judgment reversed. All the Justices concur.*

Decided February 19, 1910.

Complaint. Before Judge Pendleton. Fulton superior court. December 22, 1908.

*J. E. & L. F. McClelland,* for plaintiffs in error.

*C. W. Smith* and *M. A. Hale,* contra.