## HENDERSON *et al. v.* SEABOARD AIR-LINE RAILWAY.

1. A lease contract was entered into between the receivers of a railroad corporation as lessors and an individual as lessee, whereby the former agreed to lease to the latter, for a certain consideration to be paid "annually, in semi-annual installments," certain rails which were to be placed on the main line of a railroad being constructed by the latter; and the lessee, as security for the payment of the stipulated rental, conveyed the right of way for six miles of the road over which the rails were to be laid. It was agreed that if the lessee failed to pay the rent when due, then the lessor should have the right to give ten days notice in writing to the lessee of its intention to declare a forfeiture of the lease, and at the expiration thereof to enter upon, use and enjoy, either through suit, or without resorting to any legal proceedings therefor, the right of way, etc., and to sell at public or private sale such portion of the right of way as might be necessary to pay the rent that might be in default, and apply the proceeds of such sale to the payment of the rent and damages, if any. The contract was recorded, and provided that it should not be assigned without the consent of the lessors. After the rails had been laid on the track of the railroad, the lessee sold them to the railroad company of which he was president, and that company continued to use the rails. There was no evidence of an adoption of the lease agreement by the railroad company. The lessee made the first payments of rental, but defaulted in other payments, and the lessor gave notice of its purpose to cancel the contract. An equitable petition was filed by the lessor against the lessee to cancel the con-

tract and to subject the rails and road-bed to the payment of the debt. The case was submitted to an auditor, who found that the lessee was individually liable for the contract rental, etc., but that the railroad company was not, the suit being prematurely brought, etc. Exceptions of law and fact to the auditor's report were filed, and were sustained by the trial court, which held, in effect, that the railroad company also was liable for the rental and value of the rails as fixed by contract. *Held:*

(*a*) The evidence in this case did not show any transfer of the contract between the plaintiff, as lessor, and the defendant Henderson, as lessee, to the defendant Ocilla Southern Railroad Company, nor any adoption by the latter company of the contract, so as to make that defendant liable under the terms of the contract.

(*b*) Accordingly, it was error to render a judgment against the Ocilla Southern Railroad Company for the rental due under the contract; and likewise error to enter judgment against it for the value of the rails, etc., as determined by the agreed purchase-price named in the contract.

(*c*) Whether the plaintiff could recover from the Ocilla Southern Railroad Company the value of the rails, etc., is a question not made in this case, and is therefore not before us for decision.

2. The court properly held that the contract had been terminated by the notice from the plaintiff to the defendant, declaring it forfeited, and committed no error in rendering a decree against him for rentals due under the contract and for the value of the leased equipment as fixed by the terms of the contract.

No. 528.  SEPTEMBER 14, 1918.  REHEARING DENIED SEPTEMBER 25, 1918.

Equitable petition. Before Judge Crum. Irwin superior court. June 6, 1917.

*Quincey & Rice,* for plaintiff in error.

*Anderson, Cann, Cann & Walsh,* contra.

HILL, J.  A full statement of the pleadings in this case was reported when it was here on exceptions to the sustaining of a demurrer to the petition. See *Seaboard Air-Line Railway* v. *Ocilla Southern Railroad Co.,* 143 *Ga.* 407 (85 S. E. 91). On the pleadings as they then were, this court held that an equitable cause of action was set out against the Ocilla Southern Railroad Company. It was then said that "The petition alleged that the plaintiff leased the rails and fastenings to Henderson, who either assigned the lease or sublet the property to that company, which was in possession and had adopted the contract, and that the defendants had failed to pay the rent and refused to deliver the leased property." When the case went back for trial there was no evidence before the auditor, to whom the case was referred, of a sublease by Henderson to the Ocilla Southern Railroad Company, nor of an adoption by that company of the terms of the lease contract between

the receivers of the Seaboard Air-Line Railway and J. A. J. Henderson by the Ocilla Southern Railroad Company. Henderson individually (who was also president of the Ocilla Southern Railroad Company) had knowledge of the contract; for he was a party to it and is bound by it. The Ocilla Southern Railroad Company had constructive notice of it; for the contract was recorded. The question arises, therefore, is the Ocilla Southern Railroad Company bound by the terms of the contract by adoption or otherwise, and is it liable thereunder as well as Henderson individually? The trial court sustained exceptions to the auditor's report, holding, in effect, that the Ocilla Southern Railroad Company also was liable on the contract. The effect of the court's ruling is to hold the Ocilla Southern Railroad Company liable according to the terms of the contract. We think this is error; for as already observed, there is nothing in the record to show that the lease contract was transferred to or adopted by that company. But is the Ocilla Southern Railroad Company liable for the reason that Henderson was a promoter of that railroad? There are authorities which hold that in such cases, where the corporation accepts the benefit of a promoter's agreement, the corporation is bound thereby; as, for instance, where there was an agreement to pay certain unpaid rent of a building, and on the corporation coming into existence the promoter was elected president, and the company took possession of the building, it was charged with the president's knowledge respecting the agreement, and bound thereby. See Chase v. Redfield Creamery Co., 12 S. D. 529 (81 N. W. 951); Ehrich on Promoters, § 62, p. 112; Mitchell v. Gifford, 133 Ga. 823 (67 S. E. 197); In re Quality Shoe Shop (Pa.), 212 Fed. 321. But under the facts of this case it can not be said that Henderson was a promoter. We think this case is not governed by the above line of decisions, but is controlled by another principle. As already said, there is nothing in the record to show that the Ocilla Southern Railroad Company adopted the contract. It is therefore not bound by its terms. Whether the plaintiff could recover from it the value of the rails, etc., is a question not made in this case, and is therefore not before us for decision.

From the foregoing, we conclude that the judgment of the court below should be affirmed in part and reversed in part. It is affirmed as to the judgment against J. A. J. Henderson individually, and reversed as to that part of the judgment holding the Ocilla

Southern Railroad Company liable under the *terms* of the contract. On another hearing the case can be tried in accordance with the above rulings. None of the other questions raised by the plaintiffs in error require a reference.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*