### 14444.   PETERSON, adm'x, v. APPLEBY *et al.*

As a general rule, one employed by an owner of property to sell it as his agent is not authorized to sell it to himself alone or with others.

Under the facts of this case, the plaintiffs, a firm of brokers with whom the defendant had listed real estate for sale, were not entitled to recover a commission from him for services in procuring a prospective purchaser, who obtained from the defendant an option for the purchase of the property and transferred the option to one of them.

DECIDED DECEMBER 5, 1923.

Complaint; from city court of Douglas—Judge Henson. February 15, 1923.

*R. A. Moore, Dart & Slater,* for plaintiff in error.

*McDonald & Willingham,* contra.

PER CURIAM. This is a suit to recover commissions alleged to have been earned by the plaintiffs as real-estate brokers. After

the filing of the suit the defendant died, and his widow, as administratrix, was made a party defendant and filed an answer denying any and all liability. Although she recites in her bill of exceptions that the court, at the conclusion of the evidence, directed a verdict in favor of the plaintiffs, the sole assignment of error is upon the overruling of her motion for a new trial, which is based upon the general grounds, and upon the admission and rejection of certain evidence. The special grounds of the motion are without substantial merit; but, since we are of the opinion that the evidence adduced upon the trial demanded a finding in favor of the defendant, the verdict in favor of the plaintiffs, as directed by the court, was contrary to law and the evidence, and, therefore, the court erred in not granting a new trial upon the general grounds of the motion.

The evidence submitted upon the trial shows that the original defendant—the decedent, Oliver Peterson—listed with the plaintiffs, who were a partnership of real estate brokers, a certain plantation for sale at the price of $105,000, agreeing to pay to them as brokers a commission of five per cent. on that sum; that acting under this contract the plaintiff procured a prospective purchaser in the person of B. N. Sykes, of North Carolina, who sought to negotiate a sale with Peterson at the stipulated price, and that the latter then listed with the brokers his plantation and certain personal property located thereon, at the price of $130,000, agreeing to pay a commission of five per cent. on that sum; that Peterson thereupon executed and delivered to Sykes, the prospective purchaser procured by the brokers, an option setting forth the terms of the trade, to wit: purchaser to assume a loan of $40,000 upon the lands described, the payment of $10,000 cash, and the balance of the purchase price in five payments. The plaintiffs do not contend that they ever found a purchaser ready, able, and willing to pay cash for the plantation, but their contention is that they found a purchaser (Sykes) who was ready, able, and willing to buy on the terms stipulated in the option. This contention is without merit, for the uncontradicted evidence shows that prior to the expiration of the option, Sykes, the optionee, transferred it to one of the plaintiff brokers, the transfer being in the following language: "I hereby transfer the within option to R. J. Vib-

bert with full power for him to execute the same. (Signed) B. N. Sykes. Witness H. O. Bolter."

Thus the evidence shows conclusively that the option, prior to its expiration, was transferred to R. J. Vibbert. Therefore the optionor was bound to convey, if at all, to the transferee. But, since the transferee was one of the brokers, the optionor was not bound to convey the property in question to any one. In this connection see section 3582 of the Civil Code (1910), which is as follows: "Without the express consent of the principal after full knowledge of all the facts, an agent employed to sell cannot be himself the purchaser; and an agent to buy cannot be himself the seller." And in the case of *Mitchell* v. *Gifford,* 133 *Ga.* 823 (67 S. E. 197), it was held: "As a general rule, where one is employed by an owner of property to sell it as his agent, he is not authorized to sell it to himself alone or together with others." It is true that Sykes, the transferor of the option, testified that he assigned or transferred the option to the broker with the distinct understanding that the latter was to act as his agent in completing the transaction with the defendant. However, such evidence is altogether insufficient to alter the rule announced by the above citations, since it does not appear that the defendant knew that the intent of the transferor was otherwise than the unconditional assignment showed. See, in this connection, *Williams* v. *Moore-Gaunt Co.,* 3 *Ga. App.* 756 (4) (60 S. E. 372). The broker cannot bind the principal and claim that the refusal to sell was not his fault but that of the principal, "unless he makes it plain that he has not acted privily, but that his master was consenting thereto." *Gann* v. *Zettler,* 3 *Ga. App.* 589 (60 S. E. 283).

It follows from what has been said that the evidence demanded a finding in favor of the defendant, and that, therefore, the verdict in favor of the plaintiffs, as directed by the court, was contrary to law and the evidence.

*Judgment reversed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*