DOLVIN REALTY COMPANY *et al. v.* HOLLEY.

No. 16199.   MAY 13, 1948.

*Clifford Hendrix,* for plaintiffs in error.

*Hudson & LeCraw,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ Headnotes 1 and 1a require no elaboration.

■ The law is uniform and well settled that an agent, who has been engaged to sell real estate for the owner, may not, either directly or indirectly, purchase it himself, without the express consent of the principal after a full knowledge of all the facts. This is so declared by our Code, § 4-204. The reason for this elementary principle of law is well stated by the author of Pomeroy's Equity Jurisprudence (5th ed.), § 959, as follows: "The underlying thought is that an agent should not unite his personal and his representative characters in the same transaction; and equity will not permit him to be exposed to the temptation, or brought into a situation where his own personal interests conflict with the interests of his principal and with the duties which he owes to his principal." Referring to a sale made under such circumstances by an agent to himself, the author, in section 959a, says: "In dealings without the intervention of his principal, if an agent for the purpose of selling property of the principal purchases it himself, . . either directly or through the instrumentality of a third person, the sale . . is voidable; it will always be set aside at the option of the principal; the amount of consideration, the absence of undue advantage, and other similar features are wholly immaterial; nothing will defeat the principal's right of remedy except his own confirmation, after full knowledge of all the facts." This rule is not merely remedial for wrongs which have actually been consummated, but was intended to prevent the possibility of a wrong. Fraud on the part of the agent, or injury to the principal, is therefore unessential. *Reed* v. *Aubrey,* 91 *Ga.* 435 (17 S. E. 1022, 44 Am. St. R. 49) ; *Hodgson* v. *Raphael,* 105 *Ga.* 480 (30 S. E. 416) ; *Whitley* v. *James,* 121 *Ga.* 521 (49 S. E. 600) ; *Mitchell* v. *Gifford & Co.,* 133 *Ga.* 823 (67 S. E. 197) ; *Reeves* v. *Callaway,* 140 ·*Ga.* 101 (78 S. E. 717) ; *Ausley* v. *Cummings,* 145 *Ga.* 750 (6) (89 S. E. 1071) ; *Arthur* v. *Georgia Cotton Co.,* 22 *Ga. App.* 431 (96 S. E. 232) ; *Peterson* v. *Appleby,* 31 *Ga. App.* 286 (120 S. E. 651).

Nor is the rule otherwise where the property is purchased by a subagent of the principal. A subagent's duties and obligations to the principal are of the same nature and extent as those of the agent, and a sale of the principal's real estate by the subagent to himself, without the express consent of the principal with full

knowledge of all the facts, will likewise be set aside at the option of the principal. In Gardner v. Ogden, 22 N. Y. 327 (78 Am. D. 192), the court, in passing on the validity of a sale of the principal's real estate to an employee of the principal's agents, said: "The defendant Smith was the clerk or assistant of his principals. He was their agent, and employed in and about their business. Whatever disabilities they labored under equally attached to him. It would work an entire abrogation of the rule to hold the principal subject to the operation of this rule, and exempt his clerks and agents from its effect. It would be opening the door to its evasion, so that it would lose all its vitality and virtue. . . I think this is the spirit of all the authorities, and that the honesty and fairness of transactions between principals and their agents demand a firm adherence to these rules, and to bring within their operation, not only the agent himself, but those in his immediate employ, and who are engaged in the transaction of his business, which is, necessarily, the business of the agents' principal."

In the instant case, the relation of principal and agent was established when the owner, Mrs. Holley, listed her property for sale with Dolvin Realty Company. Such being a confidential or fiduciary relation (Code, § 37-707; *Smith* v. *Harvey-Given Co.*, 182 *Ga.* 410, 185 S. E. 793), it imposed on the agent the duty of exercising the utmost good faith and loyalty toward the principal. It became the duty of the agent to act primarily and solely for the benefit of the principal in all matters connected with the agency. The rule forbidding an agent or subagent from purchasing his principal's property, without the express consent and knowledge of the principal, is not made inapplicable because the property was listed for sale with the agency at a fixed or minimum price. When Mrs. Holley, the owner, named the minimum price that she would accept for her property, it was manifestly intended as a guide to her agent in negotiating the sale, and implied a just expectation on her part and an engagement on her agent's part that he would make an honest endeavor to obtain a higher price.

The uncontradicted evidence in the case at bar shows that P. E. Mitchell Sr. is an agent for Dolvin Realty Company. By

his own testimony, Mr. Mitchell admitted that he is an agent of that company and was representing the owner, Mrs. Holley, in the sale of her property. This illustrates precisely. the antagonism or mischief that the rule was designed to prevent. There being nothing in the record to show that the contract of sale was executed by the principal, Mrs. Holley, only after she had been informed that P. E. Mitchell Sr., the proposed buyer named in the contract of sale, was in fact an agent of the realty company and her subagent, or that she executed the contract knowing such to be true and that she expressly consented to sell her property to her subagent; and she not being guilty of laches in bringing the action to set aside the contract, nor having ratified it, the evidence not only authorized the verdicts in her favor in both cases, but actually demanded them.

Such a ruling renders it unnecessary to pass upon the special assignments of error embraced in the amended motion for new trial. *Judgment affirmed. All the Justices concur.*