34403. KELLETT *v.* BOYNTON *et al.*
34404. PATTON *v.* BOYNTON *et al.*
34405. KELLETT *et al. v.* BOYNTON *et al.*

DECIDED FEBRUARY 28, 1953.

694

*John L. Respess Jr.,* for plaintiffs in error.
*Newton Craig,* contra.

SUTTON, C. J. This is an action in assumpsit for money had and received, which is an action at law and is maintainable in cases where the defendant has received money under such circumstances that in equity and good conscience he ought not to retain it, and which in equity and good conscience the plaintiff is entitled to recover. The question for determination is whether the petition was good as against general demurrer. The petition shows that the plaintiffs owned a described tract of land in Atlanta, Georgia, and that their representative, Newton Craig, ·conferred with Jack A. Patton, a real-estate agent, with reference to his selling said property for the plaintiffs for an amount in the neighborhood of $2000; that Patton agreed to act as agent for the plaintiffs for the sale of the property, and, shortly thereafter, on March 27, 1951, told the plaintiffs or their representa-

tive, Newton Craig, that he had found a purchaser for the property who would pay $1600 cash for the property but would not pay any more for it; and that the plaintiffs, through said Newton Craig, then accepted said offer and Patton then told Craig that the prospective purchaser was S. A. Kellett, a real-estate speculator, and Craig, for the plaintiffs, signed a sales contract for the sale of the land to S. A. Kellett. At the time of signing said sales contract, neither the plaintiffs nor Newton Craig, their representative, had any knowledge of the fact that S. A. Kellett and Jack Patton were doing business together as real-estate agents and brokers and were in fact partners in the real-estate business. On the same date, March 27, 1951, S. A. Kellett signed a sales contract for said property to R. M. Crane for $3000, and Jack A. Patton was named as the agent in both of said sales contracts. At all times mentioned in the petition, the defendants, S. A. Kellett and Jack A. Patton, were doing business as partners under the firm name of Kellett & Patton.

It is alleged that the defendants are indebted to the plaintiffs in the sum of $1400, said sum being the difference between the amount of $1600 paid to them by S. A. Kellett and the amount of $3000 paid by Crane to Kellett for the property, and that the sum sued for was had and received by the defendants for the plaintiffs, and demand therefor had been made upon the defendants.

Code § 4-204 is as follows: "Without the express consent of the principal after a full knowledge of all the facts, an agent employed to sell may not himself be the purchaser; and an agent to buy may not himself be the seller." As said in *Dolvin Realty Co.* v. *Holley*, 203 *Ga.* 618, 621 (48 S. E. 2d, 109), "The law is uniform and well settled that an agent, who has been engaged to sell real estate for the owner, may not, either directly or indirectly, purchase it himself, without the express consent of the principal after a full knowledge of all the facts." See and compare *Hodgson* v. *Raphael*, 105 *Ga.* 480 (30 S. E. 416); *Mitchell* v. *J. A. Gifford & Co.*, 133 *Ga.* 823 (67 S. E. 197); *Peterson* v. *Appleby*, 31 *Ga. App.* 286 (120 S. E. 651).

Patton and Kellett were doing business together as real-estate agents and brokers, and were in fact partners in the real-estate business. Patton was acting as agent for the plaintiffs in the

696

sale of the property, and neither he nor his partner could become the purchaser of said property without the express consent of the plaintiffs after full knowledge of all the facts. The relationship of principal and agent is confidential and fiduciary, and demands of the agent loyalty and good faith to the principal (*Williams* v. *Moore-Gaunt Co.*, 3 *Ga. App.* 756, 60 S. E. 372; *Peevy* v. *Wilkes*, 48 *Ga. App.* 114, 172 S. E. 108); and Code § 4-205 provides that "The agent shall not make a personal profit from his principal's property; for all such he is bound to account."

Under the allegations of the petition and the law applicable thereto, we are of the opinion, and so hold, that the petition set forth a cause of action, and the court did not err in overruling the defendants' general demurrers.

*Judgment affirmed. Gardner, P. J., and Townsend, Worrill, and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The general demurrer should have been sustained. As against a demurrer the pleadings must be construed against the pleader and no inference can be drawn favorable to the pleader unless the facts alleged demand the inference. The allegation that at the time neither the plaintiffs nor their attorney had knowledge of the fact that S. A. Kellett and Jack A. Patton were doing business together as real-estate agents and brokers and were in fact partners in the real-estate business is not an allegation that they were in such business together at a particular time. The allegation is consistent with the fact that they were not in such a business at the time alleged. It was not elsewhere alleged that the partnership of Kellett and Patton was engaged in the real-estate business. Furthermore, it was not alleged that Jack A. Patton acted as a member of the partnership or as agent of Kellett in selling the property or that Kellett acted as a member of the partnership in buying it or as agent for Patton. There is no allegation of conspiracy or collusion between Patton and Kellett and no allegation that Patton knew that he could obtain more for the property than was offered by Kellett at the time the contract to sell was signed by Kellett. In order to hold the petition in this case good as against general demurrer, we would have to add by inference the facts above stated, or some of them, which

under the rules of law we have no power or authority to do. See *Davis v. Arthur*, 139 *Ga.* 74 (4) (76 S. E. 676); *Central of Georgia Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (89 S. E. 841); Code (Ann.), § 81-101 and Pocket Part, catchwords "Ambiguous pleadings."