75798. PAPP CLINIC, P.A. v. CASH et al.
(367 SE2d 271)

SOGNIER, Judge.

Mary and Claudie Cash brought suit against the Papp Clinic, P.A. (Papp) to recover damages for injuries and loss of consortium arising from Ms. Cash's fall on the premises of Papp's medical offices. The trial court denied Papp's motion for summary judgment but granted a certificate of immediate review, and we granted Papp's application for interlocutory review.

Mary Cash (hereinafter appellee) alleged in her complaint that appellant had been negligent "in failing to attend an elderly and infirm patient; in leaving said patient in an examining room unattended; in failing to properly supervise the care of an aged, infirm woman; and in failing to install safety equipment for the protection of aged and infirm patients," and that appellee's injuries were solely and proximately caused by that negligence. The record reveals that Dr. G. Truett Jarrard, a doctor at appellant's clinic, had been treating appellee because of a mild stroke she suffered in August 1985. As a result of the stroke, appellee had temporarily lost some strength on her right side, but had made a complete recovery and regained full strength when she visited the clinic approximately one month later for a follow-up appointment with Dr. Jarrard. Appellee was directed to an examining room by a nurse who, after asking if appellee required assistance with disrobing and being told she did not, left appellee in the examining room, unattended, awaiting the arrival of Dr. Jarrard. Appellee followed the nurse's instructions, and climbed onto the examining table. After several minutes, appellee noticed some magazines which had been left in the room, presumably for the perusal of patients waiting for the doctor, and she stepped down from the examining table to get one. Appellee fell and was injured while attempting to climb back up on the examining table.

In support of its motion for summary judgment appellant proffered the affidavit of Dr. Jarrard, who swore that in his medical opinion, based on personal knowledge, appellee could not be considered infirm, and that there was nothing about appellee's physical or medical condition which would render it inappropriate to leave her unattended or unsupervised, or which would require the installation of safety equipment for her protection. Dr. Jarrard further testified that there had been no prior incidents involving injuries allegedly arising from the use of the examining table in question, and that neither he nor any other person at the clinic either had been at the time of ap-

pellee's fall, or was now, aware of anything about the examining table which would have made it dangerous or unfit for patient use.

Appellee presented no evidence in her affidavit in response to the motion to rebut Dr. Jarrard's affidavit. We note that no objection was made to the trial court's consideration of Dr. Jarrard's affidavit, and thus we need not consider whether, being in essence an expert opinion affidavit, Dr. Jarrard's affidavit might properly have been the subject of objection. See *Bell v. Sellers*, 248 Ga. 424, 425-426 (1) (283 SE2d 877) (1981). Further, appellee agreed with Dr. Jarrard in his assessment of her medical condition, having testified at her deposition that she was not infirm, but felt "like a perfect person" at the time of the incident in question and that she had not felt like she needed help. The record thus presents only one allegation not directly rebutted by Dr. Jarrard's affidavit, and that was appellee's statement in her affidavit that "[w]ere it not for the magazine being in the examination room and available for reading during the wait for Dr. Jarrard, I would not have climbed down from the examination table."

The evidence of record does not indicate the proximate cause of appellee's fall. However, appellee does not allege that she tripped over the magazines, nor does the evidence reveal that appellee was distracted by the magazines from exercising due care for her own safety when she attempted to step up onto the table she had gotten up onto without difficulty only moments before. See *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 855-856 (1) (360 SE2d 415) (1987). The evidence thus reveals that the magazines themselves were not the proximate cause of appellee's fall. See generally *Western Stone & Metal Corp. v. Jones*, 180 Ga. App. 79, 80 (348 SE2d 478) (1986).

Moreover, appellee has not demonstrated that any injury was foreseeable from the mere presence of magazines in the examining room. "Encompassed within the concept of negligence is an element of foreseeability ([cit.]), which need not be as to the specific injury suffered but as to some injury. [Cit.] However, the concept does not include foreseeability of remote or unusual events. [Cit.]" *Levangie v. Dunn*, 182 Ga. App. 439, 440 (1) (356 SE2d 88) (1987). Thus, we cannot agree with appellee that the record presents an issue of fact concerning any act or omission of appellant which would constitute negligence.

Although as a general proposition, issues of negligence are not susceptible of summary adjudication either for or against the claimant, where the facts show by plain, palpable and undisputed evidence that the defendant was not at fault, such a case may be resolved by summary judgment as a matter of law. *Soto v. Roswell Townhomes*, 183 Ga. App. 286, 288 (358 SE2d 670) (1987). See also *McAuley v. Wills*, 251 Ga. 3, 7 (303 SE2d 258) (1983). After reviewing the record, we find that this case is one which is to be included among such cases

as may be resolved by summary adjudication. Accordingly, the trial court erred in denying appellant's motion for summary judgment. See generally *Taylor v. McDonald*, 183 Ga. App. 320, 321-322 (359 SE2d 1) (1987).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 11, 1988 —
REHEARING DENIED MARCH 18, 1988.

*Thomas E. Greer*, for appellant.
*Steven E. Fanning*, for appellees.