## 77923. BRADY et al. v. DANDRIDGE et al.

(379 SE2d 429)

SOGNIER, Judge.

Susanne and Ralph Dandridge brought suit against Re/Max Northeast, Inc., Gwinnett, a real estate brokerage firm, and Harold Brady, a Re/Max sales associate, for breach of fiduciary duty and fraud arising out of a listing contract for the sale of their residence. The trial court denied the defendants' motion for summary judgment, and we granted their application for interlocutory appeal.

The record reveals that on May 31, 1985 appellees entered into a contract to purchase a residence owned by Bo Mohr, which was listed by appellants, contingent upon the sale of appellees' house. On June 3, 1985 appellees signed an "exclusive listing" agreement with appellants for their home, and they accepted the contract appellant Brady brought them on July 18th for the sale of their house to the Parkers, which was contingent, in turn, upon the Parkers obtaining financing and selling their own house. The contract between appellees and the Parkers had no specified closing date, although appellees' contract with Mohr was required to be closed by September 30, 1985. The Parkers then authorized appellant Brady to find a buyer for their house but refused to sign an exclusive listing agreement, and on July 24th the Parkers entered into a sales contract with Robert Duffy, which was presented by Brady and which specified a closing date of September 23rd. Brady explained to the Parkers that a mortgage company had informed Duffy, who was an attorney licensed in Florida but not Georgia, that he could not obtain financing until he was employed as a lawyer at a specified salary. When Duffy was unable to meet this condition, he allowed his contract with the Parkers to expire. Although the parties dispute the exact timing and the terms offered, they agree that Brady offered to obtain a swing loan for the Parkers or to buy their home so that they could close on the purchase of appellees' house, but neither offer was acceptable to the Parkers. After a joint meeting among the Mohrs, Parkers, appellees, and Brady on September 25th, the homeowners agreed to rescind all the remaining sales contracts. Thereafter, appellees, who had begun renovating the Mohr home on or about September 5th even though they had not closed on their contract to purchase it, rented the Mohr residence beginning in October 1985. In late November appellees entered into two contracts with the Parkers for the sale of their respective homes to one another.

1. Appellants first enumerate as error the denial of their motion for summary judgment on the fraud claim made on the grounds that appellant Brady's alleged misrepresentations either were true or were mere opinions or puffery, and that appellees did not act to their detriment in reliance upon any statements of Brady.

Appellees contend that material questions of fact remain regarding whether appellant Brady fraudulently misrepresented the date appellees' contract with the Parkers would close and the reasons why the Parkers were unable to close the sale, and whether the Parkers' contract to sell their house to Duffy would close, and thus misrepresented to appellees that their contract with the Parkers was "solid." We agree with appellants that these allegations do not present a material question of fact as to appellees' claim of fraud because the record clearly reveals that each of the purportedly fraudulent statements either was true or was merely a statement of opinion or a conjecture as to future events. Actionable fraud cannot be based upon statements of opinion or promises as to future events unless the allegation is asserted that the promisor made the statement with a present intent not to perform. *Sams v. Duncan & Copeland*, 153 Ga. App. 765, 766 (2) (266 SE2d 546) (1980), overruled in part on other grounds, *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 840-841 (2) (315 SE2d 51) (1984); *Randall v. Smith*, 136 Ga. App. 823, 825 (222 SE2d 664) (1975). The record discloses that Brady's statements regarding closing dates for appellees' contract with the Parkers were statements or opinions as to future events, and there is no evidence that Brady did not intend to perform at the time he made these statements. Further, there is no dispute that Brady's statements regarding the Parkers' failure to close on either their purchase of appellees' home or the sale of their residence to Duffy were truthful.

We also agree that the evidence of record negates any claim of justifiable detrimental reliance by appellees. Appellees admit there was no fraud in the inducement of either their listing contract with appellants or the sales contract with the Parkers because all alleged misrepresentations occurred after both contracts were executed, and contend instead that they made improvements to the Mohr house in reliance upon appellant Brady's assurances that the various contracts would close, and that as a result they incurred economic losses and mental pain and anguish. However, appellee Ralph Dandridge admitted in his deposition that he knew appellees' contract with the Parkers was contingent upon the sale of the Parkers' house and approval of their loan application, that Duffy's contract to purchase the Parkers' residence also had a financing contingency, and that he recognized from the beginning that the contracts might not close because of the numerous contingencies involved. He also admitted that he knew he was taking a risk by beginning work on the Mohr home before he closed on his purchase contract, that he did so in disregard of appellant Brady's admonition not to undertake the improvement project before the closing, and that by the time this work began he was concerned that the closings would not occur. Further, Mr. Dandridge testified that he and his wife then moved to the Mohr home

because of the financial outlays they had made, not as a result of any statements by appellants. Consequently, as appellants have pierced appellees' pleadings with regard to essential elements of the fraud claim, and appellees' response did not set forth facts sufficient to support a claim of fraud against appellants, we find the trial court erred by denying summary judgment to appellants on this issue. See generally *Papp Clinic v. Cash*, 186 Ga. App. 444 (367 SE2d 271) (1988).

2. Appellants next enumerate as error the trial court's conclusion that appellees had presented a factual question as to negligent misrepresentation, based upon appellees' contention that the alleged fraudulent misrepresentations previously discussed in Division 1, supra, also may be construed as negligent misrepresentations within the meaning of Section 552 of the Restatement (2d) of Torts. However, even assuming that this Restatement provision applies to purchasers of residences for their own use and that any of appellant Brady's statements were false, we found in Division 1, supra, that appellants affirmatively rebutted all allegations of justifiable reliance by appellees, and that appellees have presented no evidence of detrimental reliance, which is an essential element of the claim of negligent misrepresentation. See id. Further, appellees have admitted that they were not induced to enter into the contracts at issue as a result of any misrepresentations by appellants. See generally *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 682 (300 SE2d 503) (1983). Accordingly, we find the trial court erred by concluding that a jury question was presented on the issue of negligent misrepresentation. See generally *Papp Clinic*, supra.

3. Liberally construed, appellees' complaint also asserts a claim for breach of fiduciary duty arising out of the listing contract. The trial court found material questions of fact existed with regard to whether appellants owed a fiduciary duty to appellees, and if so, whether that duty had been breached.

The relationship between the real estate agent and the seller is a fiduciary one, and "impose[s] on the agent the duty of exercising the utmost good faith and loyalty toward the principal." *Dolvin Realty Co. v. Holley*, 203 Ga. 618, 622 (48 SE2d 109) (1948). However, appellees acknowledge that their complaints about appellants' actions do not arise out of the listing contract, and instead contend they were harmed because appellants failed to carry out their obligations to the Parkers. Assuming, without deciding, that the Parkers' agreement to allow appellant Brady to show their house constitutes an enforceable contract and gives rise to a fiduciary obligation running from appellants to the Parkers, appellees are not in privity of contract and thus cannot maintain an action for breach of any obligation owed by appellants to the Parkers. See *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389, 391 (367 SE2d 278) (1988). Although the fiduciary duty

imposed upon appellants by *Dolvin,* supra, extends beyond the express terms of the listing contract between appellees and appellants, see id., we find no authority for the proposition that a real estate agent's obligations to his principal encompass dealings related to a contract between the purchaser of the principal's house and a third party who has contracted to buy the purchaser's residence. As appellants had no obligation to guarantee the financial worthiness of the Parkers or to ensure that their contract to purchase appellees' house closed, see *Lyle v. Etheridge,* 40 Ga. App. 808 (1) (151 SE 531) (1930), appellants cannot be presumed to owe a duty to appellees to make such guarantees with regard to Duffy's contract for the purchase of the Parkers' home. Further, appellees do not allege, nor does the record suggest, that they were third-party beneficiaries of either the Parker-Duffy contract or the Brady-Parker listing agreement. See *Walls, Inc.,* supra at 391-392. Accordingly, we hold appellants were entitled to summary judgment. See generally id.

4. In the notice of appeal filed in this case, appellant Re/Max stated that it was appealing from the trial court's denial of its motion to amend its answer to add a counterclaim. However, that ruling was not enumerated as error in the enumeration of errors filed with this court, nor was it discussed in appellants' brief. Accordingly, this issue is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Pennsylvania &c. Ins. Co. v. Davis,* 186 Ga. App. 301, 302 (3) (367 SE2d 91) (1988).

*Judgment reversed. Deen, P. J., concurs. Carley, C. J., concurs in Divisions 1, 3, 4, and in the judgment.*

DECIDED MARCH 1, 1989.

*R. Chris Irwin & Associates, R. Chris Irwin,* for appellants.
*Lambert, Bonapfel, Cifelli & Wilson, Jerrell P. Rosenbluth,* for appellees.