In re William F. SANDERS and Betty Sanders, Debtors.

William M. Flatau, Trustee, Plaintiff,

v.

Ben H. Dover, Jr. and Dover Realty Company, Inc., Defendants.

Bankruptcy No. 96–54855–JDW.
Adversary No. 97–5145.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

April 12, 1999.

Joel Grist, Dozier, Sikes, Grist & Brock, LLC, Macon, Georgia, for trustee.

J. Robert Faulkner, Faulkner & Russell P.C., Macon, Georgia, for defendants.

### MEMORANDUM OPINION

JAMES D. WALKER, Bankruptcy Judge.

This matter comes before the Court on Motion for Summary Judgment filed by Ben H. Dover, Jr. and Dover Realty Company, Inc. in response to a Complaint filed by William M. Flatau, Chapter 7 Trustee

("Trustee"), seeking turn over of property of William F. and Betty Sanders's ("Debtors") estate. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(E). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

For purposes of this motion for summary judgment, the following facts are treated as not being in dispute. Ben H. Dover, Jr. ("Dover") is a realtor licensed in the State of Georgia and is the qualifying broker for the Dover Realty Company, Inc. In November 1995, Dover entered into a listing agreement with Debtors for the purpose of selling certain real property owned by Debtors for the asking price of $79,500.00. The agreement provided that Dover was entitled to a six percent sales commission. On January 5, 1996, Dover received a written offer to purchase the property from Gerald and Sylvia Meares for the asking price of $79,500.00 (the "Meares Offer"). The offer was subject to certain conditions. Satisfaction of these conditions and payment of Dover's six percent sales commission would have netted Debtors $71,615.50 from the sale. However, Dover did not disclose this offer to Debtors. Instead, Dover presented to Debtors an offer to purchase their property on behalf of himself and Dover Realty Company, Inc. for $73,000.00. The offer was also subject to certain conditions. However, Dover waived his right to a six percent sales commission. As a result, Debtors stood to net $71,852.00 from the sale to Dover. Debtors accepted Dover's offer (the "Dover Contract") but later chose not to close on the sale. Rather, Debtors chose to list the property with the Bullard Realty Company for $75,000.00 and, ultimately, were able to achieve a sale at that price.

Sometime after the property was sold, Debtors learned of the Meares Offer. On November 14, 1996, Debtors filed for relief from their debts under Chapter 7 of the Bankruptcy Code. On December 10, 1997, Trustee filed a complaint seeking turn over of estate property alleging that Dover's failure to disclose the Meares Offer constituted a breach of his fiduciary duty and tortious interference with contractual relations between the Meares's and Debtors, entitling the estate to recover a judgment against Dover.

In response to this complaint, Dover has filed a motion for summary judgment claiming that the complaint fails to state a cause of action because Debtors suffered no damages as a result of his conduct. Dover alleges that because Debtors chose not to close on the Dover Contract, the measure of damages in this case is the difference between the amount Debtors would have netted from the Meares Offer and the amount they would have netted from the Dover Contract. Rather than suffering a loss under this calculation, Debtors would have netted $236.50 more in the sale to Dover. Thus, Dover claims that even if Trustee is able to prove all of the other elements of his tort claims, his action fails as a matter of law because of a lack of damages.

### Conclusions of Law

Summary judgment is appropriate when there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c)[1]; *Combs v. King*, 764 F.2d 818, 827 (11th Cir.1985). If there is a genuine issue of fact in dispute, summary judgment must be denied. *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296–97 (11th Cir.1983). The party seeking summary judgment may do so by showing that an essential element of the non-movant's case is lacking. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

**1.** Rule 56 is made applicable by Federal Rule of Bankruptcy Procedure 7056.

■ Here, Dover argues that the essential element lacking in Trustee's case is damages. *See Clements v. Hendi,* 182 Ga. App. 118, 119, 354 S.E.2d 700 (1987) ("It is well settled as a general rule that before an action for a tort will lie, there must be an injury accompanying such tort."); *see also* O.C.G.A. § 51–1–8 (1994). However, the Court finds that this element of Trustee's case is not lacking, for the reason specified by Dover, and therefore, denies Dover's motion for summary judgment.[2]

Dover's assertion that Debtors suffered no loss as a result of Dover's failure to disclose the Meares Offer is premised on an incorrect assumption that the Dover Contract is relevant evidence to this case. Contrary to Dover's contention, what Debtors could have received from the Dover Contract is irrelevant to any determination of their damages.

■ " 'The law is uniform and well settled that an agent, who has been engaged to sell real estate for the owner, may not, either directly or indirectly, purchase it himself, without the express consent of the principal after a full knowledge of all the facts.' " *Johnson Realty, Inc. v. Hand,* 189 Ga.App. 706, 707, 377 S.E.2d 176, 179 (1988). The policy of this rule is to prevent the agent from allowing his personal interests to conflict with the interests of his principal and the duties he owes his principal. *Dolvin Realty Co. v. Holley,* 203 Ga. 618, 621, 48 S.E.2d 109, 111–12 (1948).

> If an agent for the purpose of selling property of the principal purchases it himself, ... the sale is voidable; it will always be set aside at the option of the principal; the amount of consideration, the absence of undue advantage, and other similar features are wholly immaterial; nothing will defeat the principal's right of remedy except his own confirmation, after full knowledge of all the facts.

*Id.* at 621, 48 S.E.2d at 112.

Thus, the Dover Contract was voidable according to Georgia law. The use of the Dover Contract as evidence which would serve to limit Debtors' damages would create an element of enforceability for the contract where none exists under Georgia law. The rule which Dover urges this Court to follow would violate the spirit and the rule of Georgia law. Therefore, the Court finds that the Dover contract is not relevant to the determination of Debtors' damages. As a result, Dover's motion for summary judgment is denied.

---

2. Trustee has not moved for summary judgment on the issue of damages. At trial, Trustee will bear the burden of proof on that issue. This opinion does not establish the measure or method of such proof. In their Joint Pretrial Statement, the parties should articulate their respective views of the law on that issue and specify facts, either disputed or undisputed, which would satisfy or resist the proof of that element of the case.