GREENE COUNTY *et al. v.* WRIGHT, comptroller-general.

PER CURIAM. The judgment in this case was rendered at the last term, affirming the judgment of the superior court of Fulton county. After adjournment of the term, the plaintiffs in error moved the court to set aside and disregard the judgment, because the same was participated in by only five Justices, two of whom dissented from the judgment of affirmance. When the case was called for argument, Cobb and Lumpkin, JJ., being disqualified, on motion of the plaintiffs in error the Governor was requested to designate two judges of the superior court to preside, pro hac vice, in the place of the disqualified Justices. · Judges Littlejohn and Freeman, of the Southwestern and Coweta circuits, respectively, were named by the Governor. Argument was heard before a full bench, but Fish, C. J., did not participate in the decision, because of illness. Plaintiffs in error move to vacate the judgment of affirmance, on the ground that, after a special order passed by the court that the case be heard by a full bench, they were entitled to have all the Justices who heard the argument participate in the decision of the case, and that a judgment by five Justices is irregular and void. Plaintiffs in error further moved for a rehearing of the main case.

The constitution of the State fixes the number of Justices for the Supreme Court. It is the duty of the Governor, when there is a vacancy, to fill by appointment that vacancy. If a Justice is disqualified by interest or otherwise, the Governor, on request, shall designate a judge of the superior court to fill, pro hac vice, the place of the disqualified Justice. In neither event is it essential that six Justices shall participate in a decision in order to render the judgment valid. If a quorum of the Justices participate in the decision, the judgment is not void because of the failure of one of the Justices to take part in the decision. Civil Code, §§ 5622, 5832-5833; Acts of 1896, p. 42. The motion to vacate the judgment as being void is denied.

The motion for a rehearing was filed after adjournment of the term at which the decision was rendered, and under the rules it can not be considered. *Seaboard Air-Line Ry.* v. *Jones,* 119 *Ga.* 907 (3).

*Both motions denied. Fish, C. J., Evans, Beck, and Atkinson, JJ., and Littlejohn and Freeman, Judges. Cobb, P. J., and Lumpkin, J., disqualified.*

*S. H. Sibley, J. D. Kilpatrick,* and *J. B. Park,* for movants.