22182, 22265.   BLYTH *et al. v.* WHITE; and *vice versa.*

DECIDED SEPTEMBER 29, 1934.

742

*Alston, Alston, Foster & Moise, William H. Sibley,* for plaintiffs in error.

*O. Lee White,* contra.

STEPHENS, J. (After stating the foregoing facts.) In count 1 damages are alleged for loss caused by the acts of the defendants in closing plaintiff's account and refusing to further execute orders given by the plaintiff. While it is alleged that the defendants' refusal to pay the plaintiff the money in their hands belonging to the plaintiff was the direct and proximate cause of the plaintiff's loss, the plaintiff, in this court, is not seeking to recover that money as such. He is seeking to recover speculative damages for loss growing out of the defendants' refusal to further act as his brokers. It is nowhere alleged that there was any contract between the parties. While there are alleged facts which are evidentiary of a contract, there is alleged nothing tending to establish an obligation on the part of the defendants to continue as plaintiff's brokers, or to accept orders from the plaintiff for the sale and purchase of stocks, or to continue the purchase of unissued stocks without requiring the plaintiff to make any advances therefor. It is not alleged that the acts of the defendants complained of constituted a breach of a contract. It is alleged only that the acts of the defendants constituted a breach of "established customs." Count 1 of the petition therefore fails to set out any cause of action for the recovery of the loss or damage there alleged. For the same reason it does not appear from the allegations in count 4 that the defendants were under any obligation to accept any orders from the plaintiff. The allegation in this count that the defendant committed a breach of contract in refusing to execute the plaintiff's offer to buy stock failed to set out a cause of action.

When the amendments to the petition denominated counts 5 and 6 were added, the general demurrers to counts 1, 2, and 4 of the petition as amended had not been passed upon. In counts 5 and 6

it is alleged that the defendants are due the plaintiff the amount of money which the defendants had in possession belonging to the plaintiff derived from the deposit and from the sale of stocks for the plaintiff. Whether or not there was a valid and enforceable contract between the parties obligating the defendants to continue to act as the plaintiff's brokers, or to accept orders from the plaintiff for the purchase of stock, the money in the defendants' possession derived from the deposit which the plaintiff had made in the beginning, and from the sale of stocks made by the defendants for the plaintiff, came into the defendant's possession as the plaintiff's agents under a condition and understanding between the parties that the money was not to be applied by the defendants upon the purchase of rights for unissued stocks. From the allegations in the first count of the petition it appears that the defendants demanded of the plaintiff payment for such rights which the defendants had bought for the plaintiff, and that the defendants refused on demand to pay this money to the plaintiff. This money was, under the agreement and understanding, to be applied only upon the purchase of stocks and securities other than "rights for unissued stock." It does not appear from any of the counts in the petition that the defendants had bought any stocks for the plaintiff other than "rights" for the unissued stock. It does not appear from the petition that the plaintiff was indebted to the defendants in any sum. The plaintiff therefore, under the allegations, is entitled to this money.

It is alleged in count 1 of the petition that the defendants refused on demand to pay the plaintiff the money belonging to plaintiff which the defendants had in their possession, and it is there alleged that this act was the proximate cause of the plaintiff's damage. While in this count the plaintiff seeks to recover damages only upon the theory that the defendants were liable under a contract which obligated them to accept orders from the plaintiff, there are allegations which show a liability by them to the plaintiff for the money belonging to the plaintiff which had come into the defendants' possession. Count 1 of the petition therefore is subject to an amendment in which is alleged a right in the plaintiff to recover the money, and the amendment would not be subject to the objection that it sets out a new cause of action. There was enough in count 1 to amend by. The court therefore did not err in overruling the general demurrers to counts 5 and 6.

Since we hold that the plaintiff is entitled to recover the $970.58 which represents money belonging to the plaintiff in the possession of the defendants, it is immaterial whether the amendment to count 2 of the petition, in which the plaintiff seeks to recover this same money upon the same ground of liability, set out a new cause of action. The court did not err in sustaining the general demurrers to counts 1, 2, and 4, and in overruling the motion to strike the amendment to the petition.

*Judgment affirmed on both the main and the cross-bill of exceptions. Jenkins, P. J., and Sutton, J., concur.*