28000.   COURTS *et al. v.* JONES.

DECIDED FEBRUARY 29, 1940.   REHEARING DENIED MARCH 29, 1940.

*Alston, Foster, Moise & Sibley,* for plaintiffs in error.
*Carl N. Davie, Alex. McLennan,* contra.

STEPHENS, P. J.   Harry S. Jones filed suit against Courts & Company, a partnership, composed of R. W. Courts, R. W. Courts Jr., M. C. Courts, and W. F. Broadwell, and against each of said persons individually.   The plaintiff alleges, that on December 3, 1937, he and the defendants entered into a contract whereby the defendants became his selling agents; that the subject-matter of the agency contract was the sale of seventy-five shares of common stock of the Coca-Cola Company; that the plaintiff was the owner of the stock; that on December 3, 1937, acting under the powers granted to them in the agency contract, the defendants sold the seventy-five shares of stock for $8627.44; that the defendants as agents of the plaintiff sold this stock to "Dobbs & Company, 50 Broadway, New York;" and that although the plaintiff is entitled to receive from the defendants $8627.44 with interest, and although he has made demand on them therefor, they have failed and refused to pay such sums or any part thereof to the plaintiff; and the "defendants are improperly withholding from the plaintiff said sums; and it is for this breach of trust that plaintiff brings this suit, having for its purpose the recovery of said sums."   Attached to the petition are a photostatic copy of the certificate of stock referred to

in the petition, and a photostatic copy of a power of attorney executed by the plaintiff, dated May 18, 1937, appointing Courts & Company as his attorneys to "sell, assign, transfer, and make over all or any part of the said stock, and for that purpose to make and execute all necessary acts of assignment and transfer thereof." This power of attorney recites that the plaintiff has "bargained, sold, assigned, and transferred, and by these presents" does "bargain, sell, assign, and transfer" to————————————————, or to "Dobbs & Co., 59 Broadway, N. Y." From an inspection of the photostatic copy of the power of attorney in the record it does not clearly appear that the stock was assigned to Dobbs & Company. An examination thereof shows some faint smears in this blank, which might be "Dobbs & Co.," etc., but which are very indistinct. The defendants demurred to the petition, on the ground that no cause of action was set forth against the defendants or any of them. The judge overruled this demurrer, and the defendants excepted.

The theory of the plaintiff's case, as indicated by his petition, is that the defendants were his agents to sell the seventy-five shares of Coca-Cola stock, and to account to him for the proceeds thereof. In a suit against such agents, where the plaintiff alleges the agreement between them creating the agency, that the property to be sold was delivered to the agent, and that the same has been sold by the agent and the proceeds thereof not paid to the plaintiff upon demand, the petition is good against general demurrer. See *Dodge* v. *Hatchett*, 118 *Ga.* 883, 884 (45 S. E. 667) ; *Merchants Bank of Macon* v. *Rawls*, 7 *Ga.* 191 (50 Am. D. 394). It is the duty of an agent to account to his principal for all property or funds belonging to his principal which come into his hands by virtue of his agency. This duty to account includes all proceeds of sales for his principal. The agent must deliver the funds or the property to his principal upon a proper demand therefor, or at such times as may be fixed by the express or implied terms of the agency, or upon the termination of the agency, or he must satisfactorily explain why he does not do so. Where the agent fails or refuses to account to his principal upon demand, or fails to turn over funds in his hands belonging to his principal upon demand, or when it is his duty to do so, and keeps in his hands funds which he should have paid over to his principal, the principal may collect from him,

in addition to such funds, lawful interest on the same from the time when the accounting should have been made and the funds turned over. *Anderson* v. *State,* 2 *Ga.* 370; *Nisbet* v. *Lawson,* 1 *Ga.* 275; 2 C. J. 742, § 408.

The contention of counsel for the defendants in their brief that this stock was actually sold to Dobbs & Company on May 18, 1937, and that when the sale took place on December 3, 1937, as alleged by the plaintiff in his petition, and for the proceeds of which he brings this suit, it affirmatively appears that the plaintiff had already parted with his title to the stock, and that he did not own the stock at that time, is without merit. If Dobbs & Company appear as the transferees of the stock, it does not appear when the name Dobbs & Company was inserted in the blank assignment of transfer printed on the stock certificate. It does not appear whether this name was inserted when the certificate was transferred on May 18, 1937, or whether it was inserted at some date afterwards. The petition unequivocally alleges that on December 3, 1937, the defendants sold the seventy-five shares of stock to Dobbs & Company, and that the defendants, as agents of the plaintiff, retained the proceeds of the stock and failed and refused, after demand made upon them, to turn the proceeds of the stock over to the plaintiff.

As a general rule, an agent's duty to his principal prevents him, when called upon to account for property or funds received by him for the account of his principal, from disputing his principal's right or title thereto. 2 C. J. 744; *Morgan* v. *Morgan,* 160 *Ga.* 472, 479 (128 S. E. 674). "An agent may not dispute his principal's title, except in such cases where legal proceedings at the instance of others shall have been commenced against him." Code, § 4-206.

The petition set out a cause of action, and the judge properly overruled the general demurrer.

*Judgment affirmed. Sutton, J., concurs. Felton, J., concurs specially.*

### ON MOTION FOR REHEARING.

STEPHENS, P. J. "This court has no jurisdiction to entertain a motion for a rehearing at a term subsequent to that at which the judgment in the case was rendered." *Cooper* v. *Portner Brewing Co.,* 113 *Ga.* 1 (38 S. E. 347); *S. A. L. Ry. Co.* v. *Jones,* 119

*Ga.* 907 (47 S. E. 320) ; *Greene County* v. *Wright,* 127 *Ga.* 150 (56 S. E. 288). The judgment in this case, affirming the judgment of the trial court, having been rendered on February 29, 1940, and at the January term of this court, this court has no jurisdiction to consider the motion for rehearing filed on April 6, 1940, during the April term, and therefore at a subsequent term. The motion is dismissed, and it is ordered that the remittitur be immediately transmitted to the trial court.

*Motion dismissed. Sutton and Felton, JJ., concur.*