38275. BUTLER *v.* RUSSELL.

DECIDED JUNE 9, 1960.

*Poole, Pearce & Hall, William F. Lozier,* for plaintiff in error.
*Wilson, Branch & Barwick, Thomas S. Bentley,* contra.

FELTON, Chief Judge. ■ The jury could find from the evidence that plaintiff's wife, while driving his automobile, stopped at a stop sign on a side street some 15 or 20 feet from the edge of Cascade Road, and then pulled forward to obtain a better view of oncoming traffic to a point where the front end of the plaintiff's automobile protruded some 5 feet into Cascade Road, where she again stopped. At this point the defendant, driving a city police car at a speed of at least 60 miles per hour, came over a hill crest a short distance to the left of the plaintiff's vehicle. When the defendant applied the brakes, his vehicle skidded, struck the right-hand curb twice, and slid down Cascade Road sideways into the left-hand side of the plaintiff's vehicle, leaving skid marks for at least 120 feet. The defendant also testified that while his vehicle was skidding, the plaintiff's wife had time to put the car in reverse and back it up a few feet, although he could not say any ordinary person would have done so under the cir-

cumstances. At the time of the collision the defendant, in the performance of his duty as a city police officer, was chasing a speeding car but had not turned on the red signal light on his police car, which was not equipped with a siren or other audible warning device except a standard horn.

The evidence presents a question for the jury as to whether the plaintiff's wife was negligent in driving his automobile some 5 feet into Cascade Road before stopping to check for oncoming traffic and whether in the exercise of ordinary care she might have backed up after observing the defendant's approach in order to give him an unobstructed right of way in the traffic lane along which he was proceeding. The general grounds of the motion for a new trial are therefore without merit.

■ The sole special ground complains that the court failed to charge all of the material and applicable law on the subject of the circumstances under which a police officer may exceed the speed law, in response to the following question by one of the jurors: "Judge, I only—the only thing we are not right on is what a civilian and what a policeman can do. A policeman can drive 65 miles in excess or more but a civilian is limited to the speed limit of 35?" In response to this question the court stated: "That's right. If the policeman is on duty and is pursuing a person who is suspected of violating a law, that law I read you gives him the right to exceed the speed limit provided he does it carefully or as carefully as a man could under those circumstances. That seems to be the law." Prior to this time the court had charged the jury as to the pertinent provisions of Code (Ann.) § 68-1604 (Ga. L. 1953, pp. 556, 565) by giving the following instructions: "The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section but subject to the conditions herein stated. . . The driver of an authorized emergency vehicle may exceed the speed limits specified in this law so long as he does not endanger life or property. The exemptions herein granted to an authorized emergency vehicle shall apply only when the driver of any said vehicle while in motion sounds

an audible signal by bell, siren, or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted lamp displaying a red light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle, except that an authorized emergency vehicle operated as a police vehicle need not be equipped with or display a red light visible from in front of the vehicle. The foregoing provisions [that is, the right to violate the speed law] shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others." It is contended that the court in its answer to the above question of the juror should have recharged the provisions of this statute.

In a recharge to the jury, the trial judge need not necessarily re-read or again give his entire charge, but must charge such parts thereof as are necessary to answer the jury's request. *Elliott v. Floyd,* 85 Ga. App. 416 (1) (69 S. E. 2d 620). The recharge on the point in question here was patently incomplete and obviously misleading due to the failure to again inform the jury that the special exemptions provided for an emergency vehicle apply only when the driver of such vehicle, while in motion, sounds audible signals in the manner required by the statute. The court's failure to fully recharge the jury in this regard was prejudicial error and a new trial must be granted on this ground.

The court erred in overruling the special ground of the amended motion for a new trial.

*Judgment reversed. Nichols and Bell, JJ., concur.*