39519.   BYNES et al. v. STAFFORD, Next Friend, et al.
39520.   WELLS v. STAFFORD, Next Friend, et al.

HALL, Judge.   These are appeals from the overruling of motions for judgment notwithstanding the verdict and amended motions for new trial made by the defendants Bynes (plain-

tiffs in error in Case No. 39519) and the defendant Wells (plaintiff in error in Case No. 39520) after a verdict and judgment of $55,000 for the 4-year-old plaintiff (defendant in error in each case). The plaintiff alleged that he was injured when an ambulance owned by the defendants Bynes, while being driven negligently by the defendant Wells as their agent, servant and employee, collided in an intersection with another vehicle and then ran onto the sidewalk and hit the plaintiff. *Held:*

1. After the plaintiff had presented his evidence the defendants made motions for directed verdict which the trial court overruled. The defendants introduced no evidence. Prior to the enactment of the act of 1961 (Ga. L. 1961, Vol. I, p. 216) a motion for a directed verdict could not be made by the defendant when the defendant had introduced no evidence. *Norman v. Norman,* 103 Ga. App. 626, 631 (120 SE2d 42). The trial court did not err in denying the defendants' motions for judgment notwithstanding the verdict in accordance with their motions for directed verdict made on December 20, 1960, since the motions for directed verdict were properly denied. *Heiman v. Wynn,* 216 Ga. 569 (118 SE2d 478).

2. The defendants filed answers admitting the plaintiff's allegations of agency and thereafter amended their answers by striking the paragraph admitting the allegations of agency and substituting a paragraph denying these allegations. In support of the general grounds of its motion for new trial the defendants Bynes contend that the evidence was insufficient to support a finding of agency essential to uphold the verdict against them, for the reason that the admissions in defendants' original answer were the only evidence of agency, and these were contradicted by the depositions of the parties. The cases cited by the defendants are expressions of the rule that "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal," and if such testimony is the plaintiff's only evidence it cannot withstand a nonsuit. *Douglas v. Sumner,* 213 Ga. 82, 85 (97 SE2d 122); *Mead v. McGee,* 215 Ga. 574, 575 (111 SE2d 234). This rule does not apply when the plaintiff offers other evidence than his own testimony such as an "extra-judicial statement,

which in some ways contradicted his testimony." *Tuggle v. Waller*, 91 Ga. App. 721, 724 (87 SE2d 123).

A stricken pleading containing an admission is evidence just as an out-of-court statement of a party inconsistent with his contention in the present litigation is evidence. *Raleigh & Gaston R. Co. v. Allen*, 106 Ga. 572, 574 (32 SE 622); *Alabama Midland R. Co. v. Guilford*, 114 Ga. 627, 629 (40 SE 794); Green, Ga. Law of Evidence, 539, § 250; accord *William Hester Marble Co. v. Walton*, 22 Ga. App. 433 (96 SE 269), and cases cited therein.

*Ladson Motor Co. v. Croft*, 212 Ga. 275, 277 (92 SE2d 103) and other cases cited by the defendants, dealing with the rule that circumstantial evidence consistent with either of two opposing theories establishes neither, are not applicable.

This court cannot weigh the evidence, and since there is some evidence to support the verdict we must uphold it. *Raleigh & Gaston R. Co. v. Allen*, supra, p. 575; *Tuggle v. Waller*, supra, p. 724.

3. Defendants argue that there was no evidence of negligence, because the evidence showed that the ambulance was being operated in compliance with the requirements of *Code Ann.* § 68-1604 for authorized emergency vehicles and had the right to "proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation," and to "exceed the speed limits . . . so long as he does not endanger life or property"; and because the evidence showed that the defendant Wells, the driver, slowed down before entering the intersection and was otherwise operating the ambulance with due regard for safety.

Neither proceeding past a stop signal nor exceeding the speed limit by an authorized emergency vehicle is of itself negligence. *Royal Cab Co. Inc. v. Hendrix*, 96 Ga. App. 44 (99 SE2d 355); see *Archer v. Johnson*, 90 Ga. App. 418 (83 SE2d 314); *Butler v. Russell*, 101 Ga. App. 826 (115 SE2d 194). But whether the care required by law was exercised in doing either of these things will generally be a question for the jury, as are other questions of negligence. *Batchelor v. Anglin*, 64 Ga. App. 342, 344 (13 SE2d 110); *Hargrove v. Tanner*, 98 Ga. App. 16 (104 SE2d 665). There was evidence before the jury in this case, for example, that the ambulance "showered [sic] down on its speed" about 30 feet before it

got to the intersection and did not slow down before it ran the red light.

The trial court did not err in overruling the general grounds of the motions for new trial.

4. "In a case where a witness is equally accessible to both parties and it would be as reasonable to expect one party to introduce him as the other, no presumption should arise against either party for a failure to introduce the witness." *Bank of Emanuel v. Smith*, 32 Ga. App. 606 (124 SE 114); *Brothers v. Horne*, 140 Ga. 617, 618 (79 SE 468); *Southern R. Co. v. Acree*, 9 Ga. App. 104, 105 (70 SE 352); *Weinkle & Sons v. Brunswick & Western R. Co.*, 107 Ga. 367, 373 (33 SE 471); *Citizens Nat. Life Ins. Co. v. Ragan*, 13 Ga. App. 29, 30 (78 SE 683); *Atlanta Baggage & Cab Co. v. Atlanta Taxicabs, Inc.*, 104 Ga. App. 89, 91 (121 SE2d 175); *Penn Mut. Life Ins. Co. v. Childs*, 65 Ga. App. 468, 479 (16 SE2d 103); *Howard v. Obie*, 190 Ga. 394, 398, 401 (9 SE2d 666); Green, op. cit. 107, § 32.

The trial court did not err in overruling special ground 1 of the motions for new trial complaining of the court's failure to give a charge concerning a presumption adverse to the plaintiff in the event he failed to produce an available witness.

*Judgments affirmed. Felton, C. J., and Bell, J., concur.*

DECIDED JULY 11, 1962—REHEARING DENIED JULY 26, 1962.

*Kirk McAlpin, Bouhan, Lawrence, Williams, Levy & McAlpin, Lewis, Wylly & Javetz, E. H. Gadsden,* for plaintiffs in error (Case No. 39519).

*Frank O. Downing, Kirk McAlpin, Bouhan, Lawrence, Williams, Levy & McAlpin,* contra.

*Kirk McAlpin, Bouhan, Lawrence, Williams, Levy & McAlpin, Lewis, Wylly & Javetz, E. H. Gadsden,* for plaintiff in error (Case No. 39520).

*Frank O. Downing, Bouhan, Lawrence, Williams, Levy & McAlpin,* contra.