42874. WILLIAMS v. NORTHSIDE REALTY ASSOCIATES, INC. et al.

ARGUED JUNE 8, 1967—DECIDED SEPTEMBER 5, 1967.

*Johnson & Hayes, Herbert Johnson,* for appellant.

*Alex Crumbley,* for appellees.

DEEN, Judge. Georgia is among the states which hold that money or an instrument evidencing indebtedness may be the subject of an escrow, and that a real estate broker under these circumstances is an escrow agent. *Carter v. Turbeville,* 90 Ga. App. 367 (83 SE2d 72); *McGinley v. Chappas,* 91 Ga. App. 418 (1) (85 SE2d 791). As such, he is the agent of both parties, and no liability attaches from his failure to do anything not required by the express terms of the escrow or the intention and agreement of the parties. 30A CJS 992, Escrows, § 8. While the defendants, had they in fact received $5,000 as alleged in the petition, would have been directly liable to the plaintiff for the overage after deducting the real estate commission, and while the purchaser, if his refusal to go through with the transaction was wrongful, would be liable upon the check (*G. V. Corp. v. Bob Todd Realty Co.,* 102 Ga. App. 190 (115 SE2d 611)), no breach of contract is shown by the brokers to the seller in failing to make an attempt to convert the check into cash, especially since all the parties were informed that the earnest money was paid in the form of a check (this appears on the face of the sale contract) and no instructions were given to the brokers, acting in their capacity of a depository, to assure by certification or otherwise that it would be good at the time of the closing of the sale contract. In Rianda v. San Benito Title Guarantee Co., 35 Cal. 2d 170 (217 P2d 25), an action for damages allegedly arising from the negligence of the defendant in failing to present for payment a check delivered to it in connection with a real estate escrow transaction, it was held that no breach of duty was shown, among other reasons, because the escrow agreement "does not require anyone to cash

checks received from the buyer." However, whether the brokers as escrow agents were guilty of negligence toward the seller, either by failure to communicate the terms under which the check was received or otherwise, is immaterial here. The action as drawn is for breach of an agreement to turn over to the seller funds received by the defendants in trust for it upon the happening of certain contingencies. The proof shows that no funds were ever received by the defendants, and that the plaintiff was in fact notified that the earnest money was in the form of a check. An action for breach of contract cannot be converted into one in tort based on a failure to exercise due care in protecting the deposit. See *Code* § 3-113; *Houze v. Blackwell,* 20 Ga. App. 438 (93 SE 16). Under these circumstances the trial court properly entered up judgment in favor of the defendants.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*