47177. SYKES et al. v. CARTER.

DEEN, Judge. The sole enumeration of error in this appeal is the charge of *Code Ann.* § 68-1626 (a), (b), and (c) to the effect that *no person* shall drive at a speed greater than reasonable and prudent under the conditions; that *any speed* in excess of maximum speed limits shall be unlawful, that *the driver of every vehicle* shall reduce speed when crossing an intersection, etc., and that a violation of these restrictions constitutes negligence per se. The contention is that plaintiff's decedent was a police officer on a motorcycle, an emergency vehicle, dis-

patched to the scene of a fire and that he was therefore not bound by the provisions of *Code Ann.* § 68-1626 but by those of *Code Ann.* § 68-1604, and that the instructions as given were confusing and prejudicial to the plaintiff's case as causing the jury to believe, if they found the driver exceeded the speed limit as he entered the interscetion where the collision occurred, that this would be negligence per se barring recovery.

Briefly, it is uncontested that Joseph Sykes, operating a motorcycle, was killed in a collision with an automobile operated by Dr. Harvey and that he had been dispatched on an emergency mission at the time. It was disputed who had the right of way under the traffic light, whether the motorcycle was traveling in excess of the speed limit, and whether its warning light and siren were in operation. Under *Code Ann.* § 68-1604 which the court also gave in charge the driver of an authorized emergency vehicle responding to a fire alarm is not entitled to exemption from speed and traffic light restrictions unless such warning signals are in fact being given, or unless the operation is safe so as not to endanger life or property.

The court under this state of facts was obliged to instruct the jury as to the law appertaining to both normal and emergency vehicular traffic. After doing so he instructed them that if they found Officer Sykes was operating a police vehicle, responding to a fire call, and signaling as required, they "would be bound to conclude that Officer Sykes was operating an authorized emergency vehicle and . . . was entitled to the exemptions granted by the statute." A reading of the whole charge makes it readily apparent that the court charged (a) the general law; (b) defendant's contention as to how plaintiff's decedent had violated it; (c) the emergency vehicle exemption; (d) the plaintiff's contention that the exemption applied, and (e) the fact situations under which the jury would choose one or the other rule of law. Viewed in its proper context it is not subject to the criticism that various portions of the instructions were self-contradictory, as was the case

in *Grooms v. Grooms,* 141 Ga. 478 (81 SE 210) or that two distinct rules were propounded without due qualification, as in *Americus, P. & L. R. Co. v. Luckie,* 87 Ga. 6 (13 SE 105) or *Savannah, F. & W. R. Co. v. Hatcher,* 118 Ga. 273 (45 SE 239). Nor did the court charge on a theory of negligence not raised by the pleadings and evidence, as was the case in *Savannah Electric Co. v. Mc-Clelland,* 128 Ga. 87 (57 SE 91). No part of part of the charge was incorrect as an abstract principle of law, as in *Butler v. Kane,* 96 Ga. App. 521 (100 SE2d 598). "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required." *Roberts v. Mc-Clellan,* 80 Ga. App. 199 (3) (55 SE2d 736). Considered as a whole the instructions amply fulfilled these criteria.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED MAY 8, 1972—DECIDED MAY 17, 1972.

*Ross & Finch, Claude R. Ross, Baxter H. Finch, Malcolm P. Smith, James E. Hardy,* for appellants.

*Neely, Freeman & Hawkins, Paul M. Hawkins, A. Timothy Jones,* for appellee.