## 50970. DUKES et al. v. HINTON.

WEBB, Judge.

Ollie Doris Dukes, individually and as administratrix of the estate of Willard Roscoe Dukes, brought suit to recover damages for the wrongful death of her husband and for funeral and burial expenses. The death occurred on November 28, 1972 as the result of injuries received when the car driven by Mr. Dukes was struck at an intersection by a Georgia State Patrol vehicle driven by David M. Hinton. The trooper was in pursuit of a speeding automobile on State Highway 41. The jury found in favor of Trooper Hinton on both counts, and Mrs. Dukes appeals.

1. The trial court did not err in instructing the jury as to the provisions of Code Ann. § 68-1604 (Ga. L. 1953, Nov. Sess., pp. 556, 565).

It is argued that although the evidence authorized a finding that Hinton was an on duty state patrolman in pursuit of a speeding motorist at the time of the collision, he was not entitled to the exemptions granted by Code Ann. § 68-1604 (c) because one of the conditions of the statute was not met.[1]

That Code section exempts drivers of authorized emergency vehicles when in pursuit of actual or suspected violators of the law from the general speed restrictions of Code Ann. § 68-1626 "only when the driver of any said vehicle while in motion sounds audible signal by bell,

---

[1]The Uniform Rules of the Road Act (Ga. L. 1974, p. 633 et seq.; Code Ann. Title 68A), cited in appellant's brief, is not applicable here.

siren, or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted lamp displaying a red [or blue or yellow] light visible under normal atmospheric conditions from a distance of 500 feet . . ."

The evidence here disclosed that Trooper Hinton had turned on the blue flashing lights of his patrol car but that he had not activated the siren. Mrs. Dukes contends that the above quoted statutory language does not give the driver discretion to determine whether he should give an audible signal in a given situation, but requires that a signal always be given as reasonably necessary to protect pedestrians and other motorists.

We do not agree with this construction. Whether the care required by subsection (d) of Code Ann. § 68-1604 was exercised by the driver of the emergency vehicle and whether the giving of the audible signal was reasonably necessary under the circumstances are questions for the jury to determine, as are other questions of negligence. Compare *Butler v. Russell,* 101 Ga. App. 826 (2) (115 SE2d 194); *Bynes v. Stafford,* 106 Ga. App. 406 (127 SE2d 159); *Sykes v. Carter,* 126 Ga. App. 331 (190 SE2d 623).

The trial court here correctly charged the jury as to Code Ann. § 68-1604 and the jury found that Trooper Hinton did not act in reckless disregard of the safety of others so as to make the exemptions inapplicable. This court cannot weigh the evidence; and where there is some evidence to support the verdict, we must uphold it. *Bynes v. Stafford,* 106 Ga. App. 406, 408 (2), supra, and cits.

2. It follows that the court did not err in instructing the jury that should it find Code Ann. § 68-1604 to apply, then it should disregard Code § 68-1626, which sets forth the general speed restrictions. *Sykes v. Carter,* 126 Ga. App. 331, supra.

3. The evidence amply supported the verdict, and the trial court properly overruled the motion for new trial on the general grounds.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

Argued September 15, 1975 — Decided September 30, 1975 — Rehearing denied October 21, 1975 —

Reinhardt, Whitley & Sims, Glenn Whitley, L. B. Kent, for appellants.

Whelchel & Whelchel, Hoyt H. Whelchel, Jr., Owens & Hilyer, Seymour S. Owens, for appellee.