65867. IRVIN v. LOWE'S OF GAINESVILLE, INC. et al.

BANKE, Judge.

This is a suit to recover damages allegedly suffered by the plaintiff as the result of his building contractor's purchase and utilization of certain defective galvanized steel sheets which went into the construction of several poultry houses owned by the plaintiff. There are two defendants remaining in the case: Lowe's of Gainesville, Inc., the company which sold the metal to the contractor, and Gifford-Hill & Co., Inc., the company which sold the metal to Lowe's. The manufacturer of the steel was originally named as a defendant, also, but has since been voluntarily dismissed. This appeal is from the grant of an oral motion to dismiss made by the remaining defendants at the call of the case for trial.

For purposes of the appeal, the salient facts may be summarized as follows. Lowe's sold the material to the plaintiff's contractor knowing of its intended use in the construction of the poultry houses. After the materials were delivered, the plaintiff and the contractor both noticed that some of the steel was discolored and brought this fact to the attention of the defendants. In response, the defendants assured the plaintiff that the metal was guaranteed and that the discoloration would have no permanent or lasting significance. The plaintiff permitted the metal to be used in reliance on these assurances but later discovered it was corroding and deteriorating at an excessive rate. After making this discovery, but prior to filing his complaint, the plaintiff obtained an assignment from his contractor of any and all claims the latter might have against the defendants as a result of the alleged defect.

Although the complaint was grounded solely on breach of express and implied warranties of sale, the pre-trial order specified that the plaintiff was also asserting a cause of action based on "legal fraud as defined in [former] Ga. Code § 37-703 [now OCGA § 23-2-52]." The pre-trial order further specified that "[t]here are no motions or other matters pending for consideration by the court" and stated that the filing of future motions would be permitted "at any time up until 30 days prior to the trial of this case." The reasons stated by the trial court for granting the defendants' motion to dismiss were that the cause of action for breach of warranty was not

assignable, that the plaintiff was not in privity of contract with the defendants so as to be able to assert such a cause of action in his own right, and that the claim for fraud had not been pled with particularity as required by OCGA § 9-11-9 (b) (Code Ann. § 81A-109). *Held:*

1. We reject the plaintiff's contention that a motion to dismiss for failure to state a claim cannot be considered unless it is made in writing before trial. CPA § 12 (h) (2) (OCGA § 9-11-12 (h) (2) (Code Ann. § 81A-112)) specifically provides that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made . . . at the trial on the merits," and this court has previously held that "[a] motion made during the trial need not be reduced to writing." *Hendricks v. Hubert,* 158 Ga. App. 371, 372 (280 SE2d 396) (1981). We agree with the plaintiff, however, that it was inappropriate for the court to entertain the defendants' motion in this case, in view of the fact that the pre-trial order required all further motions to be filed at least 30 days prior to trial.

2. As support for its conclusion that a claim for breach of warranty arising from the sale of personal property is not assignable by the purchaser, the court relied upon *Stewart v. Gainesville Glass Co.,* 131 Ga. App. 747 (206 SE2d 857) (1974), aff'd 233 Ga. 578 (212 SE2d 377) (1975). However, that case does not hold that a claim for breach of warranty may not be assigned but holds merely that the warranty itself may not be assigned. Specifically, the court held that the warranty "runs only to the original purchaser unless the clear language of the contract of sale, including the warranty, makes it clear that it is also intended to extend to some identifiable third party or parties." *Id.* at 748.

The assignment by the contractor in this case does not purport to transfer any rights under the warranty itself but is rather an assignment of his claim for an existing breach of the warranty. Such a transfer is specifically authorized by Article 2 of the Georgia UCC, which provides, in pertinent part, as follows: "A right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation can be assigned despite agreement otherwise." OCGA § 11-2-210 (2) (Code Ann. § 109A-2—210). It follows that the trial court erred in concluding that the assignment was invalid as a matter of law.

3. The issue of the validity of the assignment aside, if the plaintiff is able to prove that the contractor was acting as his agent in purchasing the steel, then he would obviously be in a position to assert that he is in privity of contract with Lowe's in his own right. The existence of such an agency is certainly consistent with the allegations of the complaint to the effect that Lowe's sold the steel

"with the knowledge and understanding that [it] would be used for the construction of four poultry houses for the [plaintiff]." Furthermore, regardless of whether or not the plaintiff was in privity of contract with the defendants, he is clearly entitled to assert a right of action against them based on their alleged assurances to him, after delivery, that the metal was guaranteed and that the discoloration did not indicate the existence of a substantial defect. If, as the defendants contend, no consideration was given by the appellant in return for these assurances, they may nevertheless be held binding based on the doctrine of promissory estoppel. "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." OCGA § 13-3-44 (a) (Code Ann. § 20-302.2). See *Insilco Corp. v. First Nat. Bk. of Dalton,* 248 Ga. 322 (1) (283 SE2d 262) (1981); *Pepsi-Cola Bottling Co. v. First Nat. Bk. of Columbus,* 248 Ga. 114 (2) (281 SE2d 579) (1981).

4. Since the complaint clearly states a claim for relief based on breach of warranty and promissory estoppel, it is unnecessary to determine whether the complaint also states a claim for relief based on fraud. We note, however, that the failure to assert a fraud claim with particularity, as required by § 9 (b) of the CPA (OCGA § 9-11-9 (b) (Code Ann. § 81A-109)), does not authorize its automatic dismissal. As has been repeatedly held by both this court and the Supreme Court, the defendant's initial remedy in such a situation is to move for a more definite statement. See, e.g., *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); *Signal Knitting Mills v. Roozen,* 150 Ga. App. 552 (1) (258 SE2d 261) (1979). We also note, on the other hand, that "innocent" or "constructive" fraud, which is what the plaintiff appears to be asserting in this case, exists only as an equitable doctrine and will not support an action in tort for damages. See generally OCGA §§ 23-2-51; 23-2-52 (Code Ann. §§ 37-702; 37-703); 12 EGL 473, Fraud and Deceit, § 10. In order to give rise to an action for damages, the defendant's fraud must be actual, i.e., the misrepresentation must be made either knowingly or with reckless disregard for the consequences. See *Windjammer Assoc. v. Hodge,* 246 Ga. 85, 86 (269 SE2d 1) (1980); OCGA § 51-6-2 (Code Ann. § 105-302).

*Judgment reversed. Deen, P. J., concurs. Carley, J., concurs in Divisions 2 and 3 and in the judgment only.*

DECIDED MARCH 17, 1983.

*Jay D. Bennett,* for appellant.
*J. Randall Frost, Weymon H. Forrester, Charles S. Wynne,* for appellees.