67516. KEENER et al. v. KIMBLE et al.

SOGNIER, Judge.
Violet Brookshire and Minnie Irene Page were passengers in a car driven by Erma Sue England when their vehicle was struck by a car driven by Danny M. Kimble. Kimble, who was operating the car at approximately 100 miles per hour while intoxicated, was being pursued by two Coweta County Sheriff's Department deputies. Both Kimble and England were killed in the collision. Brookshire, Page and Donald Keener (the only child of England) brought suit against Coweta County, against various members of Kimble's family, against the two deputy sheriffs, and against various members, past and present, of the Coweta County Board of Commissioners, both individually and in their official capacities. A motion to dismiss the complaint was granted by the trial court as to the deputy sheriffs and the various Coweta County Commissioners. We granted this application for interlocutory appeal.

1. Appellants contend the trial court erred by granting the mo-

tion to dismiss as to the Coweta County Commissioners both in their individual and official capacities. We find no merit in appellants' argument that the Commissioners are liable in their official capacity for the actions of the deputy sheriffs. Deputy sheriffs are the employees of the sheriff and it is the sheriff who is vested with legal authority to direct and regulate the conduct of his deputies in reference to the discharge of their official duties. See generally *Johnson v. U. S. Fidelity & Guaranty Co.*, 93 Ga. App. 336, 340 (91 SE2d 779) (1956). The act which requires Coweta County to provide supplies and equipment to the Sheriff's Department, 1960 Ga. Laws, pp. 3028, 3029, does not give the county commissioners control over the use of the equipment thus furnished. *Clayton v. Taylor*, 223 Ga. 346, 348 (155 SE2d 387) (1967).

Nor do we agree with appellants' argument that the Commissioners are liable individually on the basis of appellants' nuisance claim. Appellants' claim on the basis of *Town of Fort Oglethorpe v. Phillips*, 224 Ga. 834 (165 SE2d 141) (1968) is foreclosed by the Supreme Court's decision in *Williams v. Ga. Power Co.*, 233 Ga. 517 (212 SE2d 348) (1975), and the instant case did not involve inverse condemnation and the taking of property for public purposes. See *Duffield v. DeKalb County*, 242 Ga. 432, 435 (249 SE2d 235) (1978). Therefore, the trial court did not err by granting the motion to dismiss as to the Coweta County Commissioners.

2. Appellants contend that the trial court erred by granting the motion to dismiss as to the two deputy sheriffs. Damage suits against public officers are maintainable in this state for negligent performance of a ministerial duty, but such officers are immune from negligence claims when the acts complained of involve a discretionary duty of an office unless fraud, corruption, or an abuse of that discretion is shown. *Nelson v. Spalding County*, 249 Ga. 334, 336 (2) (290 SE2d 915) (1982). The decision whether acts are ministerial or discretionary is determined by the facts of the particular case. *Nelson,* supra. In this instance appellants allege in their complaint that the deputy sheriffs were grossly negligent in contributing to the injuries and death sued upon by knowingly pursuing the intoxicated Kimble with the attendant danger to all the citizens in the area created by the high speed chase. Appellants argue that the deputy sheriffs, while in the course of their official duty, acted in wilful disregard of the safety of all persons in violation of OCGA § 40-6-6 (b) (3), which authorizes the driver of an emergency vehicle to exceed posted speed limits only "so long as he does not endanger life or property." Appellants' allegations thus raised a factual question as to whether the deputy sheriffs were engaged in the performance of a ministerial act in which they acted negligently in endangering the lives and property of others. See *Dukes v. Hinton*, 136 Ga. App. 227 (220 SE2d 713) (1975). Therefore,

we cannot say as a matter of law that appellants would not be entitled to recover against the deputy sheriffs under any state of facts which could be proved in support of their claim. *Snooty Fox v. First American Invest. Corp.*, 144 Ga. App. 264 (241 SE2d 47) (1977).

In granting the motion to dismiss, the trial court did not look to the possibility of appellants proving negligent performance of a ministerial duty. Instead, the motion was based on the argument that appellants cannot possibly recover from the deputy sheriffs because of the automobile liability insurance policy purchased by Coweta County pursuant to OCGA § 33-24-51. We do not find the two cases cited as authority for this proposition applicable to the deputy sheriffs. In *Central of Ga. R. Co. v. Schnadig Corp.*, 139 Ga. App. 193 (228 SE2d 165) (1976), the court interpreted a policy of indemnity insurance in light of Code Ann. § 56-2437 (predecessor to OCGA § 33-24-51) and held that the commissioners of roads and revenues of Morgan County were not liable to plaintiffs (volunteer firemen) who were excluded from coverage by the language of the policy. In *Ray v. Cobb County Bd. of Education*, 110 Ga. App. 258 (138 SE2d 392) (1964), in which the plaintiff sought to sue a county board of education for the negligent acts of an employee, this court found that Code Ann. § 56-2437 did not authorize a suit against any one other than the appropriate political subdivision, and affirmed the trial court's dismissal of the action against the board of education after holding that the board was not a political subdivision within the meaning of the statute. Neither of these cases, which both concern the limits of a county's waiver of immunity under OCGA § 33-24-51, extend to the deputy sheriffs here any protection from a suit based on their alleged negligent acts while in the commission of their ministerial duties.

Therefore, the trial court erred by granting the motion to dismiss as to the two deputy sheriffs.

*Judgment reversed in part; affirmed in part. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 10, 1984.

*Hugh G. Head, Jr., Kathleen Kessler*, for appellants.
*J. Eugene Beckham, Jr., William D. Barwick*, for appellees.