### 69742. PETTUS v. SMITH et al.
(330 SE2d 735)

DEEN, Presiding Judge.

Dorothy V. Pettus, individually and as executrix of the estate of Albie Pettus, brought a tort action against the Troup County Board of Commissioners, each individual member of the board, and Larry L. Harris, a deputy sheriff. The complaint alleged negligence, wrongful death, pain and suffering, and nuisance arising out of the fatal injury sustained by Albie Pettus when his automobile was struck by a Troup County sheriff's vehicle driven at a high rate of speed by Deputy Sheriff Larry L. Harris. The trial court granted summary judgment to the board of county commissioners, collectively and individually, on all counts. As to Deputy Harris, the court granted the motion as to nuisance, but denied it as to the remaining counts.

1. Appellant first contends that the motion for summary judgment failed to state with particularity the grounds upon which the motion relies, as required by OCGA § 9-11-7 (b) (1). The motion in question listed that it was relying upon all documents of record and was supported by the affidavits of each county commissioner and three other individuals. This issue was decided adversely to appellant's position shortly after the Civil Practice Act became effective in Georgia. *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672 (165 SE2d 179) (1968). In *Shockley*, at 675, the court relied upon *Benefield v. Malone*, 110 Ga. App. 607, 609 (139 SE2d 500) (1964), a pre-Civil Practice Act case, wherein the court found that a motion for summary judgment is analogous to a motion for a directed verdict and that neither the statute nor appellate decisions pertaining to a motion for directed verdict requires any particular ground beyond that specified by the statute. The court found that "[a] motion for summary judgment imports nothing more drastic in the judicial process than does a motion for directed verdict . . . It is subject to the same safeguards prohibiting abuse. It is designed to facilitate and not retard the correct application of the law. So long as counsel and parties are diligent there is no reason to fear or mistrust the summary judgment procedure. The degree of diligence required in summary judgment is no more or less than that permeating other procedural phases of the law. There is nothing 'tricky' about it." Id. at 610. See also *Southern Bell Tel. &c. Co. v. Beaver*, 120 Ga. App. 420 (170 SE2d 737) (1969), wherein the court also found a motion for summary judgment to be analogous to a motion for a directed verdict. If this court accepted appellant's arguments of unfair surprise to the party opposing the

motion, it would also follow that the trial court's order would have to state the basis for its grant or denial of the motion in order to facilitate appellate review. OCGA § 9-11-52 does not require the trial court to make findings of fact and conclusions of law in ruling upon motions. *Hines v. Hines*, 237 Ga. 755 (229 SE2d 744) (1976); *Lupo v. Long*, 145 Ga. App. 876 (245 SE2d 73) (1978). We therefore see no need to overrule *Shockley*, as urged by appellant.

2. Appellant enumerates as error the trial court's finding that Deputy Harris was not an employee of the board of commissioners. In *Keener v. Kimble*, 170 Ga. App. 674 (317 SE2d 900) (1984), this court held that deputy sheriffs are employees of the sheriff, who is vested with legal authority to direct and regulate their conduct as to the discharge of their official duties. See also *McCutcheon v. MacNeill*, 197 Ga. 72 (28 SE2d 469) (1943); *Drost v. Robinson*, 194 Ga. 703 (22 SE2d 475) (1942); *Bd. of Commissioners, Richmond County v. Whittle*, 180 Ga. 166 (178 SE2d 534) (1934). In *Keener v. Kimble*, supra, the act requiring Coweta County to provide supplies and equipment to the sheriff's department does not give the county commissioners control over the use of such equipment. Similar language occurs in the Troup County Act, 1962 Ga. Laws, pp. 2093, 2094, 2095. The sole question is whether the language contained in the act which requires the board of commissioners to determine the number of deputies, assistants, etc., and the amount of compensation "to be paid such employees" makes deputy sheriffs employees of the board of commissioners rather than of the sheriff. We think not. The sheriff still directs and regulates all aspects of their official duties, regardless of any change in the board of commissioners or their policies. It was not error to grant summary judgment to the board of commissioners and its individual members.

3. In the trial court's order there is no ruling upon whether a deputy sheriff is covered under liability insurance purchased by the county commissioners, and we cannot find where this issue was raised by the briefs supporting or opposing the motion. Issues not raised in the court below may not be raised for the first time on appeal, as nothing is presented to this court for decision. *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278 (306 SE2d 366) (1983).

4. As the county commissioners had no control over the official duties of the deputy sheriff (see Div. 2, above), they had no duty to determine whether a high-speed driving course rather than a defensive driving course was reasonably required to be supplied to deputy sheriffs.

5. Three enumerations challenge certain findings of fact as to events that occurred which resulted in the accident in which appellant's decedent was killed. There is no evidence in the record to support the finding that "after the train passed, Defendant Harris accelerated to 65 m.p.h." Deputy Harris stated in his deposition that at

the time of the collision he was travelling between 75 and 80 m.p.h. The court also found that "Defendant Harris knew the call concerned a burglar in a house," and that "Defendant Harris was driving . . . with his emergency lights and siren on." In construing the evidence in the light most favorable to the party opposing the motion, *Fountain v. World Fin. Corp.*, 144 Ga. App. 10, 14 (240 SE2d 558) (1977), we find that there was evidence to indicate that the call concerned the report of a prowler, not a burglar, and that a witness who heard the accident occur stated by affidavit that she did not hear a siren. There was also evidence that the procedures of the Sheriff's Department called for emergency lights and siren when responding to a burglar call, but not if the call concerned a prowler. We find that the evidence regarding these findings of fact is sufficient to raise a jury question and should not have been resolved by the trial court.

If the trial court makes a finding of fact which is unsupported by the record, it cannot be upheld; and if the judgment is based upon a fact for which there is no evidence, it should be reversed. *Hardin v. Wright*, 172 Ga. App. 644 (323 SE2d 918) (1984). In the instant case, the court's judgment in denying summary judgment to the deputy sheriff was based upon an erroneous fact, and that part of the order granting it on the nuisance issue is unrelated to the other claims. The findings, however, cannot stand, as they would become the law of the case when the remaining issues go to trial. As these findings are separate and distinct from those pertaining to the county commissioners and the nuisance issue, we order that the three findings pertaining to Deputy Harris be stricken from the trial court's order and a new order be issued conforming with this decision.

*Judgment affirmed in part and reversed in part with direction. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1985 —
REHEARING DENIED APRIL 17, 1985 —

*Louis Levenson, Irwin W. Stolz, Jr., Seaton D. Purdom*, for appellant.
*W. G. Scrantom, Jr., Mark R. Youmans, C. Jerry Willis*, for appellees.