76620. GIDDENS CONSTRUCTION COMPANY, INC.
v. FICKLING & WALKER COMPANY.
(373 SE2d 792)

BIRDSONG, Chief Judge.

This is an appeal of the grant of summary judgment denying punitive damages.

1. Appellee asserts that punitive damages are not recoverable in a contract action and that appellant's complaint avers no cause of action sounding in tort. We disagree. The substance of matters pleaded in the complaint places appellee on due notice of its alleged liability arising from acts and omissions relating directly and independently to breaches of duty arising from the fiduciary relationship of the parties. The complaint sets forth a cause of action in tort. See *Rawls Bros. Co. v. Paul,* 115 Ga. App. 731 (1) (155 SE2d 819). We are satisfied that the facts of this case establish that the appellee was the duly appointed subagent of appellant and was appellant's fiduciary regarding those matters within the scope of the agency. See generally *Dolvin Realty Co. v. Holley,* 203 Ga. 618, 622 (48 SE2d 109); *Stanford v. Otto Niederer & Sons,* 178 Ga. App. 56 (1) (341 SE2d 892); see 3 AmJur2d, Agency, § 210-212.

2. We find the facts of this case distinguishable from *Williams v. Northside Realty Assoc.,* 116 Ga. App. 253, 254 (157 SE2d 166). "The cardinal rule of construction [of a contract] is to ascertain the intention of the parties," OCGA § 13-2-3, and "[e]scrow agreements will be given a reasonable construction in order to carry out the manifest intentions of the parties," 11 EGL, Escrows, § 6. The addendum creating the escrow expressly provided that time was of the essence and that if the sale was not consummated for any reason by November 30, 1985, the escrow monies would be forfeited. It is clear from the lan-

guage of the addendum that the parties intended and agreed that the appellant would receive exclusive ownership of the monies in escrow upon their forfeiture, and that, *as time is of the essence,* the escrow holder would tender the funds *immediately* to the appellant. Further, it clearly was the intent of the parties that if the sale was not consummated by November 30, 1988, the sales contract immediately would become null and void and the escrow would be automatically and immediately terminated. In this regard, the requirement that "[t]ime is of the essence" was not limited by the parties to any particular provision in the addendum, but was drafted without restriction to apply to all addendum actions intended and agreed upon by the parties. Thus, appellee's reliance on *Williams* to shield it from liability is misplaced.

This is not an action between the buyer and seller contesting ownership of the escrow funds, but an action between the seller and his fiduciary. Under the terms of this particular addendum, *drafted by the appellee,* when the sale was not consummated on the specified date the escrow *immediately* terminated and any dual agency that may have existed terminated with it. From that point, appellee resumed acting solely as appellant's fiduciary, subject to all duties that relationship imposed. Among these duties is the duty not to dispute the principal's (appellant's) right or title to the funds (money); and, appellee is estopped by law from doing so. OCGA § 10-6-26; *Courts v. Jones,* 61 Ga. App. 874, 876 (8 SE2d 178); 11 EGL, Estoppel, § 70; see also OCGA § 24-4-24.

3. Appellee claims that it was merely following requirements contained in the Rules of the Georgia Real Estate Commission, § 520-1-.34, by requiring the signing of a release as a prerequisite to the disbursement of the $1,400. We do not find this argument persuasive. First, the Rules do not require the execution of a release of liability by either the buyer or seller prior to disbursement of funds previously held in escrow. Secondly, to the extent that the rules conflict with the terms of the addendum, they are not capable of enforcement. *Panfel v. Boyd,* 186 Ga. App. 214, 220 (367 SE2d 54), cert. granted. As above discussed, the addendum required appellee to tender immediately the funds to appellant when the sales contract and addendum terminated on November 30, 1985.

Further, appellee's assertion that he could not give the required 30-day notice, pursuant to § 520-1-.34 (3) is not persuasive. We will not speculate what appellant's conduct would have been if immediately after the expiration of the extended time period appellee had notified appellant of his intent to disburse the funds to appellant 30 days thereafter, without also demanding the signing of a release of liability as a condition thereto.

Appellee's other assertions also are without merit.

Considering the above, we find that the trial court's ruling was

erroneous. OCGA § 9-11-56 (c).

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

ON MOTION FOR REHEARING.

The contract addendum extending the closing date of the sale and perforce creating the escrow pertinently provided that "[i]t is expressly understood . . . that, if for any reason this sale is not consummated by November 30, 1985 the $1,000.00 earnest money and the $400.00 security deposit *shall be forfeited* as liquidated damages and the sales contract shall become null and void. In such event purchaser shall vacate premises no later than December 10, 1985. *Time is of the essence.*" (Emphasis supplied.)

Appellee asserts that this court's decision, if allowed to stand, "will seriously jeopardize the proper functioning of real estate escrow arrangements in this state." In particular, appellee contests this court's determination that the escrow agreement immediately terminated upon the purchaser's failure to close by the extended closing date. We adhere to our decision.

In arriving at our decision, we do not hold that henceforth all escrows will so terminate. What we do hold is that this particular escrow, in light of the wording of the addendum drafted by the appellee itself, was terminated immediately following purchaser's failure to close. Escrow can be established in any manner not prohibited by law or public policy. In the future, realtors can avoid the effects of this result by providing for a specific escrow termination date; by not making time of the essence without any limitations, that is, by making time of the essence only as to specific identified matters; or, by expressly providing the realtor with a grace period in which to tender the escrow funds, with or without an express requirement that the parties sign a release before the money will be tendered.

We also note that in its motion for rehearing, appellee admits that it is its duty in the event of non-closing "to continue to hold the money until the contract is at an end . . . and then to distribute it to the party entitled to it." As we stated in the opinion, the unlimited time is of the essence clause operated to make the sales contract null and void *immediately* when closing was not held on the extended closing date; there never was any genuine doubt under the terms of the addendum written by the appellee as to who was entitled to the money. This is particularly true when that document is viewed in conjunction with the original sales contract and the so-called Move-In Agreement. If any such doubt had existed, it would have been appellee's duty as appellant's fiduciary, at the time appellee drafted the then-proposed addendum, to duly warn his principal of the addendum's deficiencies *before* the addendum was executed and the escrow

created. See generally *Larkins v. Boyd*, 205 Ga. 69 (1) (52 SE2d 307); 1A EGL, Agency, § 92; 3 CJS, Agency, § 272; cf., *Scott v. Lumpkin*, 153 Ga. App. 17 (1) (264 SE2d 514).

We have reexamined the precedent cited by appellee, including *Williams v. Northside Realty Assoc.*, 116 Ga. App. 253 (157 SE2d 166), and conclude that such precedent is distinguishable from the facts of this case.

Regarding appellee's contention concerning punitive damages, the question of punitive damages is ordinarily for the jury. *Caswell v. Jordan*, 184 Ga. App. 755 (7) (362 SE2d 769), cert. den. And a breach of fiduciary duties generally is sufficient to support an award of punitive damages arising out of such tortious misconduct. Id.

*Motion for rehearing denied.*

DECIDED SEPTEMBER 9, 1988 —
REHEARING DENIED SEPTEMBER 26, 1988

*E. Thomas Shaffer*, for appellant.
*J. Ellsworth Hall III*, for appellee.